UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. REESE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. LLAMAS, Acting Captain<br><br>　　　　　Defendants. | Case No.: 1:15-cv-01337-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 13)<br><br>THIRTY-DAY DEADLINE |

**I.    Screening Requirement and Standard**

Plaintiff Clarence E. Reese ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 1, 2015 and without the Court screening the original complaint, filed a first amended complaint on March 25, 2016. Plaintiff's first amended complaint, filed on March 25, 2016, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Pelican Bay State Prison.  The events in the complaint are alleged to have occurred at Corcoran State Prison.  Plaintiff names Acting Captain P. Llamas as the sole defendant.  Plaintiff alleges as follows: Plaintiff alleges that he was forced to live in a housing unit and cell with no hot or warm water for 67 days.  Plaintiff alleges that from May 18, 2015 to July 25, 2015 the hot/warm water supply was shut off to all of the housing units in administrative segregation.  Plaintiff alleges that the Defendant's office, the clinic, law library, clothing distribution room, and canteen all had hot/warm running water.  Plaintiff did not have water at the required temperature to sanitize his clothes, eating utensils, cell/living area and body.  Plaintiff informed Defendant Llamas via a CDCR form 22 about the lack of hot/warm water.  Defendant failed and refused to respond.  Plaintiff alleges that Defendant Llamas had the authority to transfer him to

another unit where there was hot/warm running water. Plaintiff alleges that Defendant Llamas refused to take any reasonable steps to assign Plaintiff to a housing unit with hot/warm running water. Plaintiff alleges that Defendant acted with deliberate indifference and also negligently under state law. Plaintiff alleges he complied with California Government Claims Act.

Plaintiff seeks compensatory and declaratory judgment that his rights were violated.

### III. Discussion

#### A. Rule 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also *Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short but it fails to set forth sufficient factual matter, as explained below. The Court is not required to accept as true conclusory allegations or legal conclusions.

#### B. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative segregation for nine months,

3

1  during which time he was deprived of clean running water, was sufficient to make out a conditions of
2  confinement claim); see Preayer v. Ryan, 2016 WL 5341177 (D.Ariz 2016) (lack of running water for
3  two months sufficient to satisfy the objective component of the deliberate indifferent analysis).

4        Here, Plaintiff alleges that he was held in a solitary cell without running hot/warm water, and
5  could not properly sanitize clothes, eating utensils, cell/living area and body. This is sufficient to
6  allege that Plaintiff was deprived of minimal civilized measure of life's necessities.

7        Plaintiff, however, has failed to allege that "the prison official 'acted with deliberate
8  indifference in doing so.'" Toguchi, 391 F.3d at 1057. Plaintiff has not alleged sufficient facts that
9  Defendant Llamas knew of and disregarded the deprivation of hot/warm water. A plaintiff may show
10 "that a prison official had the requisite knowledge of a substantial risk in the usual ways, including
11 inference from circumstantial evidence." Farmer, 511 U.S. at 842. The inquiry into a defendant's
12 liability for deliberate indifference "must be individualized and focus on the duties and responsibilities
13 of each individual defendant whose acts or omissions are alleged to have caused a constitutional
14 deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988); see Rizzo v. Goode, 423 U.S. 362,
15 370–71, 375–77 (1976). Plaintiff fails to allege that his Form 22 reached Defendant Llamas or how
16 Defendant Llamas would otherwise know of the condition Plaintiff complains of regarding his cell.
17 Plaintiff must allege facts sufficient to show that Defendant Llamas knew of the condition and
18 disregarded it. Plaintiff will be granted leave to amend.

### C. Declaratory Relief

20       In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A
21 declaratory judgment, like other forms of equitable relief, should be granted only as a matter of
22 judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333
23 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will
24 neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the
25 proceedings and afford relief from the uncertainty and controversy faced by the parties." United States
26 v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the
27 jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional

rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### D.  State Law Claims

The Court will not screen Plaintiff's state law claims because he failed to allege a federal claim. The Court generally declines to exercise supplemental jurisdiction over state law claims in the absence of viable federal claims and this case presents no exception. 28 U.S.C. § 1367(c)(3).

### IV.  Conclusion and Order

Plaintiff fails to state a cognizable claim upon which relief may be granted.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies to the extent he can do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

///

///

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.**

IT IS SO ORDERED.

Dated: **December 16, 2016**           /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE