UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE E. REESE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. LLAMAS, Acting Captain, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-01337-BAM (PC)<br><br>SCREENING ORDER REQUIRING PLAINTIFF TO EITHER FILE A THIRD AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(ECF No. 13)<br><br>THIRTY-DAY DEADLINE |

**I.　Screening Requirement and Standard**

Plaintiff Clarence E. Reese ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 1, 2015 and without the Court screening the original complaint, filed a first amended complaint on March 25, 2016. The Court screened the first amended complaint and granted leave to amend. Plaintiff's second amended complaint, filed on January 6, 2017, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff is currently housed at Pelican Bay State Prison. The events in the complaint are alleged to have occurred at Corcoran State Prison. Plaintiff names Acting Captain P. Llamas, Sgt. Sarah Leon and Ric Pavich, Maintenance Engineer, as defendants. Plaintiff alleges as follows: Plaintiff alleges that while he was housed in solitary confinement between May 18, 2015 and July 25, 2015, Plaintiff suffered a deprivation of hot/warm water in his cell and shower area. (ECF No. 13, p. 7.) Plaintiff did not have water at the required temperature to sanitize his clothes, eating utensils, cell/living area and body. Plaintiff alleges he informed Defendant Llamas of his living condition through a CDCR 22 form, by his CDCR 602 and on June 6, 2015, he spoke personally to Defendant Llamas and informed her of his health issues due to lack of hot/war running water. He said he needed to be moved to a cell with hot/war running water by Defendant Llamas told him to "stop crying and be

2

glad its summer." Plaintiff alleges that he told Defendant Leon of Plaintiff's living conditions numerous times between May 18, 2015 and July 25, 2015 as Defendant escorted Plaintiff to yard. (ECF NO. 14, ¶5.) Defendant Leon refused to reassign Plaintiff. Plaintiff was forced to live with unsanitized utensils and bowls, shower in unsanitary area, and "live in human waste." Defendants did not "redline" his cell and they had the "authority to correct Plaintiff's living conditions" and knew of the conditions yet refused to take reasonable corrective steps. Plaintiff alleges that Defendants acted with deliberate indifference and also negligently under state law. Plaintiff alleges he complied with California Government Claims Act. In declarations attached as Exhibits to the complaint, other inmates state that they saw Plaintiff with rashes and other conditions which were not present before the water was limited.

Plaintiff seeks compensatory and declaratory judgment that his rights were violated.

### III. Discussion

#### A. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994); See, e.g., Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005) (holding that plaintiff's allegation that he was confined in administrative segregation for nine months, during which time he was deprived of clean running water, was sufficient to make out a conditions of confinement claim); see Preayer v. Ryan, 2016 WL 5341177 (D.Ariz 2016) (lack of running water for two months sufficient to satisfy the objective component of the deliberate indifferent analysis).

Here, Plaintiff alleges that he was held in a solitary cell without running hot/warm water for approximately two months, and could not properly sanitize clothes, eating utensils, cell/living area and

3

body. This is sufficient to allege that Plaintiff was deprived of minimal civilized measure of life's necessities.

### 1. Acting Captain P. Llamas

Plaintiff must allege that "the prison official 'acted with deliberate indifference in doing so.'" Toguchi, 391 F.3d at 1057. A plaintiff may show "that a prison official had the requisite knowledge of a substantial risk in the usual ways, including inference from circumstantial evidence. Farmer, 511 U.S. at 842. Liability may be imposed "if the evidence showed that [a prison official] merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." Farmer, 511 U.S. at 843 n.8. Plaintiff has alleged sufficient facts that Defendant Llamas knew of and disregarded the deprivation of hot/warm water. Plaintiff alleges he told Defendant Llamas of his cell's living conditions and that Defendant Llamas had the authority to correct the circumstances.

### 2. Sgt. Leon

The causation inquiry between the deliberate indifference and the Eighth Amendment deprivation requires a very individualized approach which accounts for the duties, discretion, and means of each defendant. Leer v. Murphy, 844 F.2d 628, 633–34(9th Cir. 1988) (citation omitted). There must be an affirmative link between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff alleges that he personally informed S. Leon on many occasions of Plaintiff's living conditions when Defendant Leon escorted plaintiff to yard. Plaintiff alleges that Defendant Leon refused to reassign his housing unit, or take corrective measures and that she had had authority to make such reassignments. While Plaintiff's allegations as to defendant Leon's authority are somewhat conclusory, they are not outside the realm of plausibility that Sgt. Leon, knowing of the cell's condition, had the authority to reassign Plaintiff's housing or take corrective measures.

### 3. R. Pavich

Plaintiff does not make any specific allegation against Defendant Pavich other than as to Defendant's job title. Plaintiff fails to make any allegation that Defendant Pavich knew of the condition and disregarded it or had any authority to correct it or move Plaintiff's cell assignment.

4

Plaintiff's claims must be facially plausible. Iqbal, 556 U.S. at 678. Since they are not, Plaintiff fails to state a cognizable claim against Defendant Pavich.

### B. State Law Negligence Claim

Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).' " Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a).

Liberally construed, Plaintiff has stated a cognizable state-law claim against Defendants Llamas and Leon for negligence

### C. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Order

Plaintiff has stated a cognizable claim for violation of the Eighth Amendment against Defendants Llamas and Leon in their individual capacities, and a state law negligence claim against Defendants Llamas and Leon, but has failed to state any other cognizable claims. The Court will grant

Plaintiff a **final** opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable Eighth Amendment and negligence claims identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The remaining defendant and claims will then be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated.

If Plaintiff chooses to file a third amended complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a. File a third amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file a third amended complaint and he is willing to proceed only on the cognizable Eighth Amendment against Defendants Llamas and Leon in their individual capacities, and a state law negligence claim against Defendants Llamas and Leon; and

6

3. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order**.

IT IS SO ORDERED.

Dated: __**April 12, 2017**__                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE